**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JAN 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10021 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-08040-SMB-1 |
| v. | |
| DOUGLAS ALLEN JONES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted January 18, 2023[**]

Before:     GRABER, PAEZ, and NGUYEN, Circuit Judges.

Douglas Allen Jones appeals from the district court's judgment and challenges the 180-month sentence imposed following his jury-trial conviction for distribution and possession of child pornography, in violation of 18 U.S.C. §§ 2252 and 2256.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Jones contends that the district court procedurally erred and imposed a substantively unreasonable sentence when it failed to grant him a greater downward variance to avoid unwarranted sentencing disparities. We review Jones's procedural claim for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and his substantive unreasonableness claim for abuse of discretion, *see Gall v. United States*, 552 U.S. 38, 51 (2007).

The record shows that the district court considered all of Jones's mitigating arguments—including the need to avoid unwarranted sentencing disparities—and adequately explained that the nature of Jones's offense and his individual circumstances justified the sentence imposed. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc). The court's comment that the content of the pornography possessed by Jones was "worse than others" was in reference to child pornography offenses generally and not, as Jones contends, relative to the specific defendant Jones identified as similarly situated. Finally, the below-Guidelines sentence is substantively reasonable given the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, including the nature and seriousness of the offense, and Jones's criminal history. *See Gall*, 552 U.S. at 51; *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**